**HAMILTON MEMORIAL GARDENS, INC., Petitioner on Review,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent on Review.**

No. 17892.

United States Court of Appeals
Sixth Circuit.

May 31, 1968.

Jacquin D. Bierman, New York City, for petitioner.

Willy Nordwind, Jr., Dept. of Justice, Washington, D. C., (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Jonathan S. Cohen, Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before EDWARDS, CELEBREZZE and COMBS, Circuit Judges.

PER CURIAM.

This is a petition to review findings and judgments of the Tax Court. The parties present three questions:

I. Should the taxpayer's basis for land be limited to the transferor's basis?

At oral hearing the parties stipulated in open court that this issue, as stated above, should be remanded to the Tax Court for the taking of evidence in accordance with the procedure followed in Jefferson Memorial Gardens, Inc. v. Commissioner of Internal Revenue, 390 F.2d 161 (5th Cir.1968). The issue and holding of the Fifth Circuit case were stated as follows:

> "[T]he Commissioner argues that where securities of the issuing corporation have no readily ascertainable independent fair market value when issued, the issued stock is assigned a value equivalent to the fair market value of the assets acquired in the exchange.
>
> \* \* \* \* \* \*
>
> "No evidence was offered tending to prove the value of the certificates in question. We express no opinion whether such a value can be established, but taxpayer is entitled to that opportunity in view of the change of position on appeal, adopted by the Commissioner, which is completely dependent upon a factual determination, namely, that these certificates do not have an independently ascertainable value. We therefore remand upon this issue to afford petitioner the factual hearing to which it is entitled."

Jefferson Memorial Gardens, Inc. v. Commissioner of Internal Revenue, 390 F.2d 161 (5th Cir.1968).

As to this issue the judgment is vacated and the case is remanded to the Tax Court for the purpose indicated.

The other appellate issues may be stated as follows:

II. Can taxpayer annually exclude from gross income a portion of its annual lot sales collections as estimates of amounts to be expended in future years to develop the land sold into a cemetery?

III. Was the taxpayer in the year 1960 entitled to exclude from gross income as the accrued cost of grave markers sold the amount of estimated future expenditures it may have to make to purchase markers?

The factual background of, and the holding on, these two issues are set forth in the opinion of the Tax Court in this case:

Land Development

"The Commissioner in his brief states:

" 'Petitioners Jefferson Memorial Gardens, Inc. and Hamilton Memorial Gardens, Inc. determined that 15 percent of the base sales price of cemetery lots sold was a reasonable estimate of its development and improvement costs, and such petitioners accrued as a deduction for cost of cemetery lots sold 15 percent of all lots sales collections in each taxable year. The respondent disallowed such petitioners' claimed deductions for development and improvement costs in the taxable years in issue because such deductions were in reality reserves for estimated expenses, and the respondent determined that petitioners' actual development expenditures for each taxable year in issue should be allocated as an addition to petitioners' cost basis of its unsold cemetery lots at the beginning of each such taxable

year in computing gain from the cemetery lots sold during such taxable years.'

"The petitioners have failed to show that the Commissioner erred in his treatment of costs of developments and improvements and, except as conceded by the Commissioner, his allowance of such costs will not be disturbed. In Sherwood Memorial Gardens, Inc., supra, [42 T.C. 211, aff'd, 350 F.2d 225 (7th Cir.1965)] and Memphis Memorial Park, 28 B.T.A. 1037, aff'd per curiam, 6 Cir., 84 F.2d 1008, similar contentions of the petitioners were dismissed and rejected on similar factual bases."

Grave Marker Cost

"Hamilton has the burden of proof on this issue and it has failed to show that the Commissioner erred. The stipulated facts show that Hamilton not only had not bought any markers during 1960 to fill pre-need contracts but it had not contracted to buy any; it had not installed any of the combined granite and bronze markers; it had installed only 7 bronze markers under unexplained circumstances; it had no obligation to install any markers until the purchaser had paid the price in full and had requested installation; and all payments by purchasers were to be spread over a period of years. The amounts accrued which it seeks to deduct, were based upon 1960 prices which might or might not be in effect later when it would purchase markers. No part of any collections on the installment contracts for markers was placed in trust for the purchase of markers.

"The estimated future costs of markers are not deductible in 1960."

In relation to both of these categories we are dealing with anticipated future expenditures. They were not expended in the tax year in question. Nor were they irrevocably allocated to any reserve for use solely for said purposes. Fur-

ther, it is clear that both categories of expenditures are uncertain as to amount and indefinite as to time of expenditure. In at least the circumstances of the lot purchaser's default, the expenditures would not necessarily be made at all.

This court has provided a formula which the taxpayer could have employed had it seen fit to treat these moneys as presently determinable "capital costs." In Mount Vernon Gardens, Inc. v. Commissioner of Internal Revenue, 298 F.2d 712, 718 (6th Cir.1962), this court said:

"The estimated cost of the improvements has been given, the correctness and reasonableness of which has not been challenged. In so far as the taxpayer is concerned, these funds have been impressed with an irrevocable trust to be used for such improvements and will never revert to the taxpayer. It is more than a contingent liability or a liability to accrue in the future. The taxpayer has legally parted with these funds, the amount is definitely fixed. The fact that the exact manner in which the money will be spent has not been decided upon does not, in our opinion, alter the fact that the taxpayer has become legally and irretrievably bound for improvement expenses of the nature agreed upon and in a definitely fixed amount."

See also Commissioner of Internal Revenue v. Cedar Park Cemetery Ass'n, 183 F.2d 553 (7th Cir.1950).

No such irrevocable allocation has been made here.

In short, we believe that taxpayer herein is attempting to have its cake and eat it too. It cannot both keep these moneys available for general uses of the corporation and claim at the same time that they have been paid as or finally allocated to capital costs.

Dealing with identical issues, the Fifth Circuit said:

"No dedicated and uninvadable development fund was established. Thus we inescapably must find that petitioner had the unfettered right to use these funds as it desired upon receipt. The funds excluded from gross income by petitioner in its tax returns actually were gross income to it. Consequently, the Commissioner's deficiency assessment will be affirmed." Jefferson Memorial Gardens, Inc. v. Commissioner of Internal Revenue, 390 F.2d 161 (5th Cir.1968).

See also Sherwood Memorial Gardens, Inc. v. Commissioner of Internal Revenue, 350 F.2d 225 (7th Cir.1965).

We agree.

The facts of this case which we have recited seem to us to remove any basis for the argument that this is an unconstitutional tax on gross receipts. The taxpayer's proposed accounting does not clearly reflect income. Cf. Schlude v. Commissioner of Internal Revenue, 372 U.S. 128, 83 S.Ct. 601, 9 L.Ed.2d 633 (1963); American Automobile Ass'n v. United States, 367 U.S. 687, 81 S.Ct. 1727, 6 L.Ed.2d 1109 (1961); Commissioner of Internal Revenue v. Milwaukee & Suburban Transport Corp., 367 U.S. 906, 81 S.Ct. 1917, 6 L.Ed.2d 1249 (1961), vacating, 283 F.2d 279 (7th Cir.1960), and remanding.

As to the second and third issues, the opinion of the Tax Court is affirmed.

As to the first issue, the judgment is vacated and the case is remanded to the Tax Court for further proceedings in accordance with this opinion.